UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. EP:26-CR-00482-LS |
| | § | |
| JOSEPH DAVID QUEVEDO | § | |

## <u>ORDER</u>

On February 25, 2026, a grand jury indicted Defendant Joseph David Quevedo on two counts of receiving, possessing, selling, and disposing of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).  Indictment, ECF No. 3.  The next day, the Court issued an arrest warrant.[1]  Arrest Warrant, ECF No. 7.  Defendant was arrested on March 5, 2026.  Arrest Warrant Return, ECF No. 11.

Due to an ongoing measles outbreak and resulting detainee quarantine at all regional detention facilities—which has disrupted court operations, U.S. Marshals Service operations, and detainee transportation, and prevents the Court from conducting hearings without risking the health and safety of court staff, counsel, law enforcement, defendants, and the public—on March 6, 2026, the Court set the Defendant's initial appearance for March 19, 2026, at 9:00 a.m.  Order, ECF No. 9.[2]

---

[1] Fed. R. Crim. P. 9(a) ("The court must issue a warrant—or at the government's request, a summons—for each defendant named in an indictment[.]").

[2] *See also* Gen. Order Regarding Speedy Trial Act (W.D. Tex. Feb. 23, 2026), https://www.txwd.uscourts.gov/wp-content/uploads/2026/02/General-Order-Regarding-Speedy-Trial-Act.pdf; Gen. Order Regarding Speedy Trial Act (W.D. Tex. Mar. 4, 2026), https://www.txwd.uscourts.gov/wp-content/uploads/2026/03/General-Order-Regarding-Speedy-Trial.pdf.

Before the Court is Defendant's "Motion to Set Agreed Bond" ("Motion") (ECF No. 15), filed on March 13, 2026, in which he asks the Court to set bond and release him "without delay, either with or without a hearing." Mot. at 1, ECF No. 15. In other words, Defendant asks the Court to determine whether to set bond and release him, with or without a hearing, before his March 19, 2026 initial appearance. He argues that nothing prevents the Court from doing so and that the parties have already agreed on a bond consistent with the U.S. Pretrial Services Office's recommendations. *Id.*[3]

Federal Rule of Criminal Procedure 9(c)(3) provides that when a defendant arrested or summoned on an indictment first appears before the court, Rule 5 applies. Rule 5(d)(3) then requires the court to detain or release the defendant as provided by statute or the Rules of Criminal Procedure. Rule 46(a) specifies that 18 U.S.C. §§ 3142 and 3144 govern pretrial release.

Relevant here, section 3142(a) requires the court, at a defendant's first appearance, to determine whether to release the defendant (with or without conditions) or to detain the defendant, either temporarily or pending trial. Section 3142 governs pretrial release and detention regardless of whether the defendant first appears in custody on an arrest warrant or pursuant to a summons. *See United States v. Wroblewski*, 816 F.3d 1021, 1024 (8th Cir. 2016) (defendant served with summons

---

[3] In his Motion, Defendant also seems to assert, without any argument, that there has been a violation of Federal Rule of Criminal Procedure 5. *Id.* at 3. But he does not explain why Rule 5 has been violated, identify the grounds for any such violation, or specify what ruling or relief he seeks on that basis—so the Court does not reach any alleged violation.

2

who has not yet appeared has not been "released under" the bail statute); *United States v. Bodiford*, 753 F.2d 380, 382 n.9 (5th Cir. 1985) (endorsing cases treating summons as functional equivalent of custody for purposes of the bail statute). Additionally, Rule 43(a) requires the defendant's presence at the initial appearance, unless Rules 5 or 10 provide otherwise.

Read together, these Rules and § 3142(a) require the Court to determine whether to set bond and release Defendant at the initial appearance, and to do so with Defendant present.    Defendant identifies no legal authority suggesting otherwise.

Thus, the Court **DENIES** Defendant's Motion.    The Court will determine whether to set bond and release him at his March 19, 2026 initial appearance.

**SIGNED AND ENTERED** on March 16, 2026.

ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE

3